UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIO CESAR LOPEZ,<br><br>Defendant. | 1:22-cr-00159-JLT-SKO-1<br><br>**ORDER DENYING TEMPORARY RELEASE**<br><br>ECF No. 30<br><br>**ORDER VACATING JULY 10, 2024 HEARING** |

Pending before the Court is Julio Cesar Lopez's ("Defendant") motion to be released from custody on his own recognizance to the temporary third-party custody of Federal Defender Staff Members Kevin Mitchel and investigator Vincent Lee to attend his wife's brother's funeral.[1] (ECF No. 30.) Services are scheduled for Friday, July 12, 2024, at 1:00 p.m. at Reade and Sons Funeral Home, located at 1103 E St. Fresno, California 93706. Defendant requests to be released from Fresno County Jail ("Jail"), where Defendant is currently housed, to be driven by Federal Defender Staff Members Mitchel and Lee from Jail to the services in Fresno. Defendant requests to be released from the Jail on July 12, 2023 at 11:30 a.m. in order to change into appropriate

---

[1] The Court notes Defendant interchangeably describes the funeral as that for his (1) wife's brother, (2) sister, and (3) "sister's brother". (See, e.g., ECF No. 30 at 2 ("Mr. Lopez is requesting temporary release for a short period of time to travel just over 2 miles and attend the funeral services *for his sister*"); 3 ("to lay his *sister's brother* to rest ....").) Relying instead on the information provided in the letter attached to the motion from the Associate Pastor at the Bethel Christian Center regarding Defendant's connection to the deceased, the Court shall herein refer to the funeral service as that for his brother-in-law. (ECF No. 30-1.) However, whether the funeral service is for Defendant's brother-in-law, sister, or "sister's brother," the Court's conclusion is the same.

1

clothing at the Office of the Federal Defender and get to the services in time, and to return to custody no later than 4:00 p.m. on that same date.

The Court finds this matter appropriately resolved without a hearing because there are no material issues of fact relating to the Court's decision that necessitate an evidentiary hearing.

The allegations in the Indictment arise from Defendant's arrest May 17, 2022, for possessing a firearm. (ECF No. 1.) Defendant is charged with violating Title 18, United States Code, Section 922(g)(1) – felon in possession of a firearm and ammunition, with a potential maximum term of imprisonment of 10 years. On June 2, 2023, the Court detained Defendant because he is a flight risk and danger to the community for which no condition or combination of conditions could be reasonably fashioned. Defendant entered a guilty plea to the indictment on January 24, 2024. Defendant's sentencing hearing is set for August 12, 2024.

Pursuant to Section 3142(i) of the Bail Reform Act, "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); see also United States of Am. v. Ryan, 445 F. Supp. 3d 707, 708 (C.D. Cal. 2020) ("Bail Reform Act authorizes 'temporary release' pending trial into 'the custody of a United States marshal or another appropriate person' for (as pertinent here) 'compelling reasons' only."). To sustain his burden, Defendant must demonstrate the presence of one of two factors: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason; or (2) that his temporary release is necessary for "another compelling reason."

As to the first factor, Defendant does not argue that temporary release is necessary to prepare his defense, and so this Court must determine whether he has established that temporary release is necessary for "another compelling reason." The Court finds that he has not.

Defendant acknowledges the Bail Reform Act does not contain any provision specifically authorizing temporary release but argues judges in this District have consistently recognized a court's inherent authority to temporarily release defendants under similar circumstances. However, while the Court is sympathetic to Defendant's situation, under the law, the Court's

primary consideration is Defendant's dangerousness and risk of flight. "[A]n examination of the defendant's dangerousness and risk of flight is appropriate when deciding a temporary release motion." United States v. Sibley, No. 23-CR-00486-DDD, 2024 WL 2923912, at *2 (D. Colo. June 10, 2024); see United States v. Boatwright, 612 F. Supp. 3d 1169, 1179 (D. Nev. 2020) ("The Bail Reform Act allows for temporary release only if the Court determines such release is 'necessary' for a compelling reason."); United States v. Terrone, 454 F. Supp. 3d 1009, 1018 (D. Nev. 2020) ("A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)."); United States v. Navarro, No. 2:19-CR-00056 JCM DJA, 2020 WL 5877816, at *1 (D. Nev. Oct. 2, 2020) ("Navarro simply argues that this Court should order his temporary release because his father's death and his attendance at the subsequent funeral is such a unique and compelling circumstance that § 3142(i) warrants release. The Court is unpersuaded by this argument ... The death of Navarro's father and his subsequent funeral, while tragic and disheartening, do not rise to the level of another compelling reason to release Navarro temporarily to attend the funeral given the record in this case and the previous detention order."). It is not uncommon for those in custody to face the loss of a loved one while detained. Granting temporary release for these circumstances is simply not supported by the Bail Reform Act.

While the Court recognizes the Federal Public Defender's Office's proposal to act in the capacity of third-party custodians, the Court cannot find the presence of two employees is sufficient to overcome the flight risk and danger concerns previously addressed by the Court.

The Court recognizes the challenging circumstances presented by the death of Defendant's brother-in-law and his understandable desire to be with his family at the funeral. However, the Court must consider the factors that warranted his detention. (ECF Nos. 9, 11.) The Court finds that none of those circumstances have changed. He is convicted of a very serious firearms offense which carries a long term of incarceration; he has a significant criminal history; and was on parole supervision at the time of the instant offense. ECF No. 1. As the Court previously found, those factors show that he is a danger to the community and there is no condition or combination of conditions that will reasonably assure the safety of the community. (ECF No. 11.)

While the Court has sincere sympathy for Defendant and his family's loss, he has not presented compelling circumstances justifying his temporary release. The motion is DENIED. The hearing set for July 10, 2024 is VACATED.

IT IS SO ORDERED.

Dated:   **July 3, 2024**

UNITED STATES MAGISTRATE JUDGE